# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD RALPH MARTINEZ,

        Plaintiff,

v.                        No. 1:20-cv-00722-JB-LF

MICHELLE L. GRISHAM, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed September 8, 2020.

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a

litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."   *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $853.00; (ii) his monthly expenses total $1,176.44; and (iii) he has $0.00 in cash.  The Court grants Plaintiff's Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because his monthly expenses exceed his low monthly income.

**Order to Show Cause**

Plaintiff was sentenced to life imprisonment May 21, 1980, and was later paroled.  *See* Complaint for Violation of Civil Rights Pursuant to 42 U.S.C. 1983 at 2, Doc. 1, filed July 20, 2020 ("Complaint").  Plaintiff asserts that state law "mandate[s] a parolee serve two years on parole and upon completion of said two years to be mandatorily discharged from said parole period pursuant to 41-17-24, N.M.S.A."  Complaint at 3.  Plaintiff alleges that Defendants violated his civil rights by failing to respond to his repeated requests to discharge his parole.

The Complaint fails to state a claim upon which relief can be granted because the statute on which Plaintiff relies for relief, 41-17-24, N.M.S.A., was repealed in 1977.  Furthermore, Plaintiff makes conclusory allegations that Defendants violated his rights regarding excessive bail and fines, cruel and unusual punishment, equal protection, discrimination, slavery and involuntary servitude, and due process, but does not state with particularity what each Defendant did to

Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). While the Complaint should be dismissed for failure to state a claim, the Court grants Plaintiff an opportunity to file an amended complaint. The Court also orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed September 8, 2020, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (i) show cause why this case should not be dismissed for failure to state a claim upon which relief can be granted; and (ii) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge